**RED LINE ALERT, et al.**
**Plaintiffs**
v.
**LEWIS, et al. Defendants**
**No. 78-2778-S**

United States District Court
Commonwealth of Massachusetts

**September 8, 1981**

**Gregor I. McGregor, Esq.,** Counsel for plaintiff

**Jose R. Allen,** Counsel for Barry Locke, defendant

**Robert City,** Counsel for Perini Corp, defendant

**Joseph H. Elcock, Esq.,** Counsel for Robert Kiley, Chairman, MBTA, defendant

**Stephen M. Leonard, Esq.,** Counsel for Salvucci, defendant

**AUSA Donald Anderson,** Counsel for Adams, Page and Stowell, defendants

**Robert Owens Assoc. P.C.,** Counsel for Morrison, Knudsen White, defendants

**MEMORANDUM AND ORDER**

**SKINNER, D.J.** The unfortunate early history of this case is set forth in my Memorandum and Order of February 13, 1980. Thereafter I held a series of formal hearings and informal conferences for the purpose of determining the likelihood of actual environmental damages from the defendants' blasting operations in the Red Line tunnel between Harvard and Porter Squares. As a result of these hearings, I was satisfied that the defendants were taking reasonable steps to minimize the likelihood of actual harms, and that the probability of significant environmental damage was extremely slight. The defendant MBTA agreed to provide more extensive public information as to its actual operations, including facilitating the processing of

complaints.

The MBTA submitted a proposed news release which completely missed the mark, and indeed was merely self-serving, not to say self-congratulatory, "PR". On June 25, 1980, the Court of Appeals decided **Grazing Fields Farm, et al v. Goldschmidt,** 626 F. 2d 1068 (1st Cir. 1980). The opinion in this case led me to conclude that nothing less than a Supplemental Environmental Impact Statement would suffice in any case, and that a public information release, even if it has been a good one, would not satisfy the requirements of the National Environmental Protection Act.

At a subsequent hearing on a form of order proposed by the plaintiffs, the defendants presented uncontroverted affidavits that the blasting of the tunnel was completed except for very minor trimming of outcropping rock. Counsel for defendants suggested that the applicable case was **Ogunquit Village Corp. v. Davis,** 553 F. 2d 243 (1st Cir. 1977), in which the Court of Appeals held that at least in the absence of bad faith it would not impose post-completion remedies because of inadequacies in an Environmental Impact Statement.

Plaintiffs say, however, that the Environmental Impact Statement was not made in good faith with respect to the likelihood of blasting, and that the emphasis on the use of a mechanical "mole" to dig the tunnel was downright deceptive. They insist that a Supplementary Environmental Impact Statement be prepared in any case.

I have very serious doubts about the good faith of the defendants in emphasizing the use of the mechanical mole to dig the tunnel in view of the scarcity and enormous expense of such machines. The alternative of blasting was a readily foreseeable choice, and this should have been more fully explained. I can see no useful purpose to be served by ordering a Supplemental Environmental Impact Statement, however, at this time. It would serve no constructive or remedial purpose. The defendants estimate that it would cost $300,000. Even if a penal purpose were appropriate to an environmental case, I cannot see that it is an effective penalty to cause additional large consulting fees to be paid to various experts with taxpayers' money. It is unlikely that the true culprits will suffer either pain or remorse.

It is true that a clear failure to comply with the National Environmental Policy Act will go unremedied, partly because of the failure of this court's administrative machinery, as outlined in my memorandum of February 13, 1980. To order a useless exercise, however, is not an appropriate response.

Accordingly, I deny the plaintiffs' request for an order requiring the submission of a Supplemental Environmental Impact Statement. No other remedy has been suggested, nor does any other occur to me as appropriate. This case appears ripe for consideration of a motion to dismiss.

**Walter Jay Skinner**
**United States District Judge**